United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

03-21022
Summary Calendar

THE SOCIETY OF LLOYD'S,

Plaintiff-Appellee,

VERSUS

KEVIN COHEN,

Defendants-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(H-02-MC-464)

Before DUHÉ, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Plaintiff-Appellee the Society of Lloyd's obtained a default judgment in England against Defendant-Appellant Kevin Cohen for premiums he owed in connection with underwriting obligations. Lloyd's then brought this action in federal district court seeking recognition of its judgment as final and enforceable, entitled to full faith and credit in Texas. In a motion for non-recognition of the foreign country judgment, Cohen asked the district court to

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

find that service of process upon a "substitute agent" in England was unacceptable and that he did not receive proper notice of the English law suit before suffering a default judgment. The district court denied the motion and enforced the default judgment against Cohen. Because Cohen agreed to submit to the jurisdiction of the courts of England, we affirm.

I.

The parties agree that the Uniform Foreign Money-Judgments Recognition Act, or Texas Recognition Act, governs whether the judgment will be enforced in Texas.[2] The Act makes enforceable any "foreign country judgment that is final and conclusive and enforceable where rendered."[3] Under the Texas Recognition Act, a foreign country judgment "is not conclusive if . . . the foreign country court did not have personal jurisdiction over the defendant."[4]

Cohen's challenge to service of process is a challenge to personal jurisdiction.[5] The Society of Lloyd's served process on

---

[2] The Act is found in Tex. Civ. Prac. & Rem. Code Ann. §§ 36.001-36-008 (West 1997); see Banque Libanaise Pour Le Commerce v. Khreich, 915 F.2d 1000, 1004 (5th Cir. 1990) for its applicability.

[3] Tex. Civ. Prac. & Rem. Code Ann. §§ 36.002(a)(1), 36.004 (West 1997).

[4] Id. § 36.005(a)(2).

[5] Terry v. Raymond Int'l, Inc., 658 F.2d 398, 401, 403 (5th Cir. 1981)(recognizing service of process, along with amenability to jurisdiction, as a "component of personal jurisdiction"), cert. denied, 456 U.S. 928, 102 S.Ct. 1975, 72 L.Ed.2d 443 (1982).

an entity in London called Additional Underwriting Agencies [No. 9], Ltd., or AUA9, as "substitute agent" rather than on Mr. Cohen personally.

As part of a Reconstruction and Renewal Plan established to settle underwriting losses arising from toxic tort litigation, English legislation granted Lloyd's the authority to appoint AUA9 to sign a reinsurance contract on behalf of Cohen and other Names, binding them without their consent.[6]  AUA9 did enter into the reinsurance contract, called the Equitas contract, under which Cohen owes premiums.

Cohen challenges Lloyd's appointment of AUA9 as agent specifically for service of process.[7]  The Equitas contract itself and not the enabling legislation is the purported source of Lloyd's right to appoint AUA9 as agent for service of process.  That contract provided that each Name not domiciled in England

> *irrevocably appoints* [AUA9] *as agent to accept service* of
> any proceedings in the English courts on his behalf.  If
> for any reason such agent shall cease to act as agent for
> service of process of any Name, that Name . . . shall
> forthwith appoint a replacement agent, approved by ERL,
> in London.[8]

Cohen wrote Lloyd's, however, advising that no person in

---

[6] "Names" are the entities like Cohen who underwrite insurance, constituting the Society of Lloyd's.  They accept an amount of the premium and undertake unlimited liability for the share of the risk assigned to them.

[7] Cohen does not challenge the power to appoint AUA9 to sign the Equitas contract and bind Cohen to liability.

[8]  R. 204 at ¶ 25.2 (emphasis added).

England had authority to accept service of process on his behalf.[9] Cohen thus maintains that he terminated AUA9's authority as substitute agent for service.

When Cohen signed a General Undertaking to become a Name, he "irrevocably agree[d] to submit to the jurisdiction of the courts of England."[10] That agreement defeats his challenge to the foreign judgment based on a service-of-process objection to personal jurisdiction. The Texas Recognition Act states expressly, "A court *may not refuse* to recognize a foreign country judgment for lack of personal jurisdiction if . . . the defendant prior to the commencement of the proceedings had agreed *to submit to the jurisdiction* of the foreign country court with respect to the subject matter involved."[11] Since Cohen entered such an agreement before Lloyd's began the proceedings against him, the district court simply could not sustain Cohen's challenge to personal jurisdiction.

## II.

Cohen also challenges the notice provided him of the suit.

---

[9] R. 26.

[10] R. 266 ¶ 2.2. That agreement "to submit to the jurisdiction" of the courts is in addition to a forum-selection clause, providing that the courts of England shall have exclusive jurisdiction. Id. Similarly, the Equitas contract under which Cohen was found to owe premiums provides that each Name irrevocably agrees to submit to the jurisdiction of the High Court of England. R.205.

[11] Tex. Civ. Prac. & Rem. Code Ann. § 36.006(a)(3) (emphasis added).

4

The Texas Recognition Act provides the court discretion not to recognize a foreign country judgment if the defendant "did not receive notice of the proceedings in sufficient time to defend."[12] The district court determined that Cohen received adequate notice through the service of the agent because his attempted revocation of the agency was ineffective.

Relying on the Equitas contract provision quoted above, the court held that it was the agent AUA9 and not Cohen who had the right to revoke the agent's authority and that from Cohen's perspective, the appointment was irrevocable.[13] Accordingly, AUA9 remained Cohen's agent and through the agent, Cohen received sufficient notice of the proceedings. We discern no error in this holding and affirm.

## III.

Finding no error in the court's analysis on either point, we AFFIRM.

---

[12] Id. § 36.005(b)(1).

[13] Noting that the agency was created not for the benefit of the principle, Cohen, but for the benefit of another, Lloyd's, the court deemed the authority granted to the agent to be a "power given as security." Applying common law (Restatement of Agency) the court then noted that the revocability of an agency differs for the two: while an agency created for the benefit of the principle is revocable by the principle, the power given as security (not created for the benefit of the principle) is revocable only in accordance with the agreement by the which the power was created. The court held that the Equitas contract was the agreement by which the power was created and looked to that contract for the rights of revocation.